# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MATTHEW W. TRIPLETT,**

   Plaintiff,

**v.**            Civil Action No.: 3:13-CV-135
               (GROH)

**PATRICK MIRANDY, Warden,**
**and JOHN ANDERSON,**
**Associate Warden of Security,**

   Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY

On this day, the above-styled matter came before the Court for consideration of the Plaintiff's Motion to Substitute Party, [ECF 64], filed pursuant to Federal Rule of Civil Procedure 25(a)(1) on March 30, 2015. The Plaintiff moves to substitute Tanya A. Triplett as a named party in place of Matthew W. Triplett, who recently died. For the following reasons, the Court **GRANTS** the Plaintiff's motion.

Federal Rule of Civil Procedure 25, "Substitution of Parties," at subpart (a)(1), "Substitution if the Claim Is Not Extinguished," provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, it is readily apparent that two of the requirements imposed by Rule 25(a)(1) have been met, as the motion for substitution has been made by Matthew Triplett's former counsel on behalf of the decedent's estate, within ninety days after service of a statement

noting the death.[1] Accordingly, the issue before this Court is whether the decedent's claims were extinguished by his death. If they were not, the Plaintiff's Motion to Substitute Party may be granted.

## I. Background

The decedent, Matthew Triplett, died on January 15, 2015. The decedent's mother, Tanya Triplett, was appointed administratrix of his estate on January 29, 2015. On March 30, 2015, the Plaintiff filed the instant motion seeking substitution of Tanya Triplett as the Plaintiff in this civil action pursuant to Federal Rule of Civil Procedure 25(a)(1). The Defendants did not respond in opposition to the Plaintiff's motion and the deadline for the Defendants to file a response has now passed. The decedent (hereinafter referred to as Triplett) first asserted claims against the Defendants in his initial complaint, filed on September 25, 2013. Triplett filed a Court-approved form complaint on October 10, 2013. His allegations included claims of loss of personal property and failure to protect claims raised under 42 U.S.C. § 1983, relating to incidents that allegedly occurred at Saint Marys Correctional Center in St. Marys, West Virginia. Specifically, and relevant to the instant motion, Triplett alleged that he had been brutally beaten and sexually assaulted by multiple inmates while incarcerated at Saint Marys Correctional Center. He further alleged that Saint Marys Correctional Center officials, including the Defendants, failed to protect him from the inmates involved in the assaults–including one inmate in particular, referred to herein as "R.S."–whom Triplett had warned prison officials about. According to Triplett, R.S. returned to Saint Marys Correctional Center more than one year after assaulting him

---

[1] The Plaintiff's Motion to Substitute Party, [ECF 64], was filed the same day as the Statement Noting a Party's Death, [ECF 66].

2

and harassed him.

Pursuant to this Court's Local Rules, this action was referred to United States Magistrate Judge James E. Seibert for submission of a proposed report and recommendation. Defendant Patrick Mirandy responded to some of Triplett's allegations on October 8, 2013. Over the ensuing months, the parties exchanged a series of responses to each other's filings and Triplett, acting *pro se*, moved to compel the production of certain documents and for the appointment of counsel. The magistrate judge denied Triplett's motions. On December 6, 2013, Triplett's counsel entered their notice of appearance. This Court would later deny Triplett's counsel's motion to withdraw.

On June 9, 2014, the Defendants filed a supplemental motion to dismiss. Upon completing a thorough review of Triplett's claims, the parties' filings and the entire record in this case, Magistrate Judge Seibert issued his report and recommendation on September 2, 2014. Magistrate Judge Seibert recommended that this Court grant the Defendants' motion to dismiss, but only in part. He recommended that the following aspects of Triplett's § 1983 case be dismissed: all claims of lost or damaged property, due to a failure to exhaust available administrative remedies; all claims against former Defendant James Rubenstein, for failure to state a claim; a claim relating to an assault on August 29, 2011 by a fellow inmate, because it was not raised within the applicable two-year statute of limitations; and a claim involving the forced removal of a medical patch from Triplett's body by fellow inmates, because of a lack of evidence that the assault implicated any of the named Defendants. Magistrate Judge Seibert recommended that the Defendants' motion to dismiss be denied in part as to Triplett's failure to protect claims asserted against Mirandy and Co-Defendant John Anderson.

Objections to Magistrate Judge Seibert's report and recommendation were due within fourteen plus three days of September 2, 2014, the date the report and recommendation was issued. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party objected to the report and recommendation during this initial period. Subsequent to Triplett's counsel's moving to withdraw, the Court became concerned that Triplett–who at that time had been released from Saint Marys Correctional Center–had not received the report and recommendation and had not had an opportunity to review it with counsel. Accordingly, pursuant to its order denying the motion to withdraw as counsel, issued on October 10, 2014, the Court extended the objections deadline to fourteen plus three days from that date. Again, neither party objected to the report and recommendation. On November 7, 2014, the Court issued an order adopting the report and recommendation, dismissing Rubenstein and the claims identified above, and denying the motion to dismiss as to Triplett's failure to protect claims against Mirandy and Anderson. Subsequently, the Court issued a scheduling order under which Triplett's failure to protect claims against Mirandy and Anderson are now proceeding toward trial.

On January 15, 2015, Triplett died. Although the record indicates that Triplett suffered from a number of maladies, the Court is unaware of the cause of Triplett's death. There is no indication that the injuries Triplett alleged in his complaint caused his death. For purposes of this Order, the Court will assume that Triplett's death was unrelated to the injuries he allegedly sustained while incarcerated at Saint Marys Correctional Center.

## II. Discussion

As stated above, the issue before this Court is whether Triplett's failure to protect claims asserted against Defendants Mirandy and Anderson were extinguished by his death.

4

In the motion to substitute party, the Plaintiff states that the claims asserted in this case "are for civil rights violations brought pursuant to 42 U.S.C. § 1983, and are not extinguished by [Triplett's] death." However, the survivability of § 1983 claims should not be resolved on a *pro forma* basis without due consideration of the specific types of claims at issue. The Court possesses the discretion to grant a motion under Rule 25(a)(1) when the requirements of that rule are met, but the Court is also free to deny leave to substitute. Roberts v. Rowe, 89 F.R.D. 398, 400 (S.D.W. Va. 1981). Although the Defendants have not challenged the survivability of Triplett's claims, the Court must consider that matter before it can grant the Plaintiff's motion to substitute party.

Federal law does not cover the survivability of § 1983 actions. Robertson v. Wegmann, 436 U.S. 584, 589 (1978). Therefore, "[c]onsiderations involving the survivability of 1983 actions are to be made according to state law." Roberts, 89 F.R.D. at 399. Looking to 42 U.S.C. § 1988 for guidance, courts have concluded that "in the absence of federal statutory mandate, state law is the primary remedial reference point." Jones v. George, 533 F. Supp. 1293, 1299 (S.D.W. Va. 1982) (footnote omitted) (citing Robertson, 436 U.S. at 589-90). Accordingly, the survivability of a § 1983 cause of action "must be determined by deciding whether an identical or analogous cause of action would survive" under state law. Id. at 1300 (citing Burt v. Abel, 466 F. Supp. 1234, 1237 (D.S.C. 1979)).

Here, the law of West Virginia governs this dispute. By statute, West Virginia has modified the common law rule under which an injured party's claims were extinguished upon his death. Hoover v. Trent, Civil Action No. 1:07-CV-47, 2008 WL 2992987, at *3 (N.D.W. Va. Aug. 1, 2008). Section 55-7-8a of the West Virginia Code provides as follows:

> (a) In addition to the causes of action which survive at common law, causes

> of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

Accordingly, as to personal injuries, "West Virginia's modification of the common law . . . only allows for survival of personal injuries that do not result in death." Hoover, 2008 WL 2992987, at *3. In this case, the Court finds that the Plaintiff's claims constitute claims for personal injuries. As the Plaintiff's cause of action is thus one for "injuries to the person and not resulting in death" under section 55-7-8a(a), the cause of action survives. The Court finds that the application of West Virginia law to the instant § 1983 claims is not inconsistent with the Constitution and laws of the United States. See § 1988(a).

In reaching this conclusion, the Court has thoroughly considered West Virginia's survival statute. "The Supreme Court of Appeals of West Virginia has noted that the 'broad terminology' of [section 55-7-8a(a)] provides relatively little guidance concerning the 'types of causes of action [that] will survive.'" Finney v. MIG Capital Mgmt., Inc., Civil Action No. 2:13-CV-02778, 2014 WL 1276159, at *5 (S.D.W. Va. Mar. 27, 2014) (second alteration in original) (quoting Stanley v. Sewell Coal Co., 285 S.E.2d 679, 683 (W. Va.1981)). In determining whether a § 1983 claim survives under section 55-7-8a(a), courts must apply the general terms of that provision to a particular case and then determine "'whether a particular cause of action fits into one of the[ ] broad categories' of actions enumerated in section 55–7–8a(a)." Id. (alteration in original) (quoting Stanley, 285 S.E.2d at 683).

Under this analysis, courts applying West Virginia law have found that many claims are extinguished upon a party's death. See Ray v. Cutlip, Civil Action No. 2:13-CV-75, 2014 WL 858736, at *2 (N.D.W. Va. Mar. 5, 2014) ("Plaintiff's § 1983 claim for false arrest

6

does not survive."); Slack v. Kanawha Cnty. Hous. & Redevelopment Auth., 423 S.E.2d 547, 551 (W. Va. 1992) ("[I]nvasion of privacy is a personal action that does not survive the death of the individual at common law or under [section] 55-7-8a(a)."); Cavendish v. Moffitt, 253 S.E.2d 558, 559 (W. Va. 1979) (per curiam) ("[I]t is apparent that the Legislature intended to exclude from statutory survivability under subsection (a) such personal torts as defamation, false arrest and imprisonment, and malicious prosecution.").

However, "as a general rule a survival statute such as [section 55-7-8a] is to be liberally construed as it is remedial in nature." Stanley, 285 S.E.2d at 683. Furthermore, courts "have consistently treated 42 U.S.C. § 1983 as a bit special, and have, without exception, recognized the liberality intended by its passage." Roberts, 89 F.R.D. at 401. The Roberts court addressed the survivability of a plaintiff's claim for excessive force, which the defendants argued actually represented multiple claims for false arrest and malicious prosecution that could not survive the plaintiff's death. Id. at 400-01. In holding that the plaintiff's claim survived under section 55-7-8a(a), the court stated that it would "not accept the proposition that West Virginia's highest court would lump together false arrest and malicious prosecution with a civil rights claim involving personal injuries and deny the survivors an opportunity to vindicate wrongs and prevent constitutional abuses." Id. at 401. The court concluded, "In the absence of legislative or judicial language which expressly prohibits survival of a civil rights action, this Court is bound to follow the plain language of West Virginia's legislature." Id.

In this case, applying the above analysis to Triplett's claims is complicated by his disorganized pleadings. Magistrate Judge Seibert and this Court have expended considerable effort in reviewing Triplett's filings, some typed and some handwritten,

does not survive."); Slack v. Kanawha Cnty. Hous. & Redevelopment Auth., 423 S.E.2d 547, 551 (W. Va. 1992) ("[I]nvasion of privacy is a personal action that does not survive the death of the individual at common law or under [section] 55-7-8a(a)."); Cavendish v. Moffitt, 253 S.E.2d 558, 559 (W. Va. 1979) (per curiam) ("[I]t is apparent that the Legislature intended to exclude from statutory survivability under subsection (a) such personal torts as defamation, false arrest and imprisonment, and malicious prosecution.").

However, "as a general rule a survival statute such as [section 55-7-8a] is to be liberally construed as it is remedial in nature." Stanley, 285 S.E.2d at 683. Furthermore, courts "have consistently treated 42 U.S.C. § 1983 as a bit special, and have, without exception, recognized the liberality intended by its passage." Roberts, 89 F.R.D. at 401. The Roberts court addressed the survivability of a plaintiff's claim for excessive force, which the defendants argued actually represented multiple claims for false arrest and malicious prosecution that could not survive the plaintiff's death. Id. at 400-01. In holding that the plaintiff's claim survived under section 55-7-8a(a), the court stated that it would "not accept the proposition that West Virginia's highest court would lump together false arrest and malicious prosecution with a civil rights claim involving personal injuries and deny the survivors an opportunity to vindicate wrongs and prevent constitutional abuses." Id. at 401. The court concluded, "In the absence of legislative or judicial language which expressly prohibits survival of a civil rights action, this Court is bound to follow the plain language of West Virginia's legislature." Id.

In this case, applying the above analysis to Triplett's claims is complicated by his disorganized pleadings. Magistrate Judge Seibert and this Court have expended considerable effort in reviewing Triplett's filings, some typed and some handwritten,

together with the documents that have been produced to date, in an attempt to discern the true nature of Triplett's allegations. Ultimately, in spite of the deficiencies of Triplett's pleadings, this Court adopted the magistrate judge's report and recommendation and held that Triplett's failure to protect claims against Mirandy and Anderson should proceed toward trial. When considering the instant motion, the Court again finds it appropriate to liberally construe Triplett's *pro se* pleadings in assessing the nature of his cause of action and the injuries alleged.

As Magistrate Judge Seibert noted in his report and recommendation, the gravamen of Triplett's complaint appeared to be his allegation that the Defendants failed to protect him from R.S. when R.S. returned to Saint Marys Correctional Center and harassed him. This claim was intertwined with Triplett's allegations that he was viciously sexually assaulted in October and December of 2011 by multiple prisoners, including R.S. When liberally construed in Triplett's favor and taken together with his allegations that he reported the abuse, the Court found that Triplett's allegations could potentially state cognizable claims for failure to protect. Triplett's allegations that he suffered physical and psychological injuries as a result of the Defendants' failure to protect him constitute a cause of action for injuries to a person. As these injuries did not result in Triplett's death, his cause of action must survive under the plain language of section 55-7-8a(a).

This conclusion is supported by the analysis of courts which, when applying West Virginia law to prisoners' failure to protect claims, have found such claims subject to a two-year statute of limitations. Under West Virginia law, the question of survivability bears a relationship to the determination of the appropriate statute of limitations for civil causes of action. See Snodgrass v. Sisson's Mobile Home Sales, Inc., 244 S.E.2d 321, 325 (W. Va.

1978) (finding that, in part as a result of the enactment of section 55-7-8a(a), a "matrix exists in which the problem of the appropriate statute of limitations in personal actions and the related question of survivability must be considered"). In West Virginia, "the limitation period applicable to a claim for which no limitation period is statutorily prescribed is determined by reference to the claim's survivability." Ray, 2014 WL 858736, at *2 (citing W. Va. Code § 55-2-12;[2] Wilt v. State Auto. Mut. Ins. Co., 506 S.E.2d 608, 613 (W. Va. 1998)). "Claims which survive the death of a party under West Virginia law take a two-year statute of limitations, while claims which do not survive take a one-year limitations period." Id. (citing Wilt, 506 S.E.2d at 613-14).

Courts applying West Virginia law have held that the statute of limitations period for a prisoner's failure to protect claim, like the one asserted in the instant case, is two years. See Pitts v. N. Cent. Reg'l Jail, Civil Action No. 5:13-CV-100, 2014 WL 2515043, at *1 (N.D.W. Va. June 4, 2014) ("In his complaint, the plaintiff claims generally that his civil rights were violated. He asserts failure to protect claims and excessive force claims. . . . Under West Virginia law, the statute of limitations for a personal injury action is two years. . . . Therefore, a two-year statute of limitations applies to the plaintiff's § 1983 claims in this case."). A magistrate judge in the District of South Carolina, when considering an inmate's failure to protect claim under West Virginia law, reached the same conclusion. Brock v.

---

[2] Section 55-2-12 of the West Virginia Code provides:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

9

Shearer, Civil Action No. 3:10-CV-2821-MGL, 2012 WL 7188893, at *5 (D.S.C. July 25, 2012), adopted by 2013 WL 671709 (D.S.C. Feb. 22, 2013). In Brock, the inmate-plaintiff claimed that the defendants failed to protect him from an attack by another inmate during a prison uprising at United States Penitentiary, Hazelton, in Bruceton Mills, West Virginia. Id. at *2. The magistrate judge found that the plaintiff's allegations, including the failure to protect claim, were "best characterized as personal injury actions." Id. at *8. Therefore, the court applied West Virginia's two-year statute of limitations. Id. That courts apply a two-year statute of limitations period to prisoners' failure to protect claims under West Virginia law indicates that Triplett's claims survived his death.

Based upon the facts alleged in the instant case, a reading of the plain language of the applicable statute and the above-referenced legal precedent, this Court finds that Triplett's failure to protect claims asserted against Defendants Mirandy and Anderson were not extinguished by his death. Thus, the Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 25(a)(1) and substitution is appropriate.

### III. Conclusion

Accordingly, the Court hereby **ORDERS** that the Plaintiff's Motion to Substitute Party, [ECF 64], is **GRANTED**. The Court **ORDERS** that Tanya A. Triplett be **SUBSTITUTED** as the Plaintiff in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 8, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE